## J. C. WALKER *v.* B. M. G. BROWN, Sheriff, et al.

A tender of payment by the creditor in order to exonerate him, must be followed by a consignment or deposit of the money or notes. C. C. 2163, 2165; C. P. 405, 407, 412.

APPEAL from the District Court of East Feliciana, *Ratliff*, J. Tried by a jury. *John McVea*, for plaintiff. *W. F. Kernan*, District Attorney, for defendants and appellants.

VOORHIES, J. The plaintiff, as sheriff of the parish of East Feliciana, was collector of the State taxes for the years 1839 and 1840. His account for the year 1840 was audited by the State Treasurer on the 14th of March, 1842, and resulted in a balance against him of $7,367 64. Previously, the following letter was received by him:

"TREASURY DEPARTMENT, NEW ORLEANS, }
December 4th, 1839. }

"*John C. Walker*, *Esq.*, Sheriff of East Feliciana.

" Dear Sir:—Your letter of the 17th inst. came to hand this morning, and in reply, allow me to say that you can take in payment of the State taxes all notes of the several banks located in this city.

"I remain, very respectfully,
"Your obd't. servant,
"F. GARDERE, State Treasurer."

In his reply to the Legislature, dated the 20th of February, 1843, the State Treasurer noticed this claim in the following terms:

" The case of the former Sheriff of East Feliciana for the year 1840, requires particular mention. A very few days after the sudden depreciation of the notes of the banks of Atchafalaya, Improvement and others, that officer tendered in settlement of the balance now remaining due, notes of said banks, which the Treasurer declined receiving. The Legislature being then in session, a resolution was brought forward authorizing a settlement in cases similar to the above, and was rejected. Since when, no legislative action has been had on the subject."

On the 20th of September, 1843, a writ of execution was issued by the State Treasurer for the balance thus audited against the plaintiff and his sureties, directed to the Sheriff of the parish of East Feliciana. Upon the seizure of his property under this writ, the plaintiff obtained an injunction. After the lapse of many years, the cause was finally submitted to a jury, who returned the following verdict: " We, the jurors, dissolve the injunction, and that *John C. Walker* and his securities pay to the State of Louisiana the value of the money tendered by *John C. Walker* or his deputy." The Judge *a quo*, after having refused to grant a new trial, rendered a judgment pursuant to that verdict. The defendant thereupon appealed from said judgment.

The principal, indeed the only ground urged by the plaintiff and appellee in support of the injunction, is that he acted under the instructions of the State Treasurer as to what kind of funds should be received by him in payment of taxes due the State; that the Treasurer possessed the power to give such instructions; that under the instructions thus given, he collected nearly the whole amount of the taxes for the year 1840 in notes of the Atchafalaya Bank, which was one of the " several banks located in New Orleans" at that time; and that after deducting the " insolvent list" and the Collector's commission, the balance was tendered by him to the State Treasurer, who declined receiving the same, on the ground that the bank had stopped payment. Hence it is insisted, that the plaintiff should be exonerated on the principle, that when a loss is to be borne by one of two parties, that he who had the means of preventing it, and did not, should bear it.

The evidence leaves no doubt on our minds but that the plaintiff received those bank notes in payment of the State Taxes in good faith, pursuant to the instructions which he had thus received.

But waiving the consideration of the question, whether the Treasurer possessed any such power or not, there is nothing to show that the alleged tender was followed by a consignment or deposit of the notes; both of which were essential to exonerate the plaintiff. C. C. 2163, 2165 ; C. P. 405, 407, 412 *et seq.* ; 2 An. 243; 6 An. 17.

It may be proper to remark that we consider it immaterial to notice the objection in relation to the sureties. If they were not parties to the suit, it is clear that the judgment cannot affect them.

We are of opinion that the Judge *a quo* erred in decreeing the dissolution of the injunction as qualified by the verdict of the jury.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, that the injunction in the case be dissolved, so as to allow the defendant to proceed in the execution of said writ in accordance with law, and that the plaintiff pay the costs of both courts.

MERRICK, C. J., took no part in this case.